```
                                                                    1

 1                         UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF NEW YORK
 2
      - - - - - - - - - - - - - - - - X
 3                                    :
      FREIDMAN, ET AL.,                :17-cv-2322 (CBA)
 4                                    :
                 Appellants,          :
 5                                    :United States Courthouse
           -against-                  :Brooklyn, New York
 6                                    :
      CITIBANK, N.A.,                  :
 7                                    :Thursday, April 27, 2017
                 Appellee:            :12:30 P.M.
 8    - - - - - - - - - - - - - - - - X

 9            TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
                BEFORE THE HONORABLE CAROL BAGLEY AMON
10                   UNITED STATES DISTRICT JUDGE

11
                         A P P E A R A N C E S:
12
      For the Appellants       COLE SCHOTZ
13    Friedman, et al.:        1325 Plaza of the Americas
                               19th Floor
14                             New York, NY 10019-6079
                               BY:  MICHAEL D. SIROTA, ESQ.
15

16    For the Non-Party        OKIN HOLLANDER, LLC
      Trusts:                  Glenpoint Centre West, 2nd Floor
17                             500 Frank W. Burr Boulevard
                               Teaneck, NJ 07666
18                             BY:  PAUL S. HOLLANDER, ESQ.

19    For Citibank:            ZEICHNER, ELLMAN & KRAUSE, LLP
                               1211 Avenue of the Americas
20                             New York, NY 10036
                               BY:  JANTRA VAN ROY, ESQ.
21

22    Court Reporter:          DAVID R. ROY, RPR
                               225 Cadman Plaza East / Brooklyn, NY 11201
23                             DRROYOFCR@GMAIL.COM

24    Proceedings recorded by Stenographic machine shorthand,
      transcript produced by Computer-Assisted Transcription.
25
```

*David R. Roy, RPR  -  Official Court Reporter*

PROCEEDINGS 2

1   (In open court.)
2           THE COURTROOM DEPUTY:  Freidman v. Citibank,
3   17-CV-2322 on for oral argument.
4           THE COURT:  All right.  Do the parties want to state
5   their appearances, please.
6           MS. VAN ROY:  Good afternoon, Judge.  Jantra
7   Van Roy, Zeichner, Ellman & Kraus here for Citibank.
8           MR. SIROTA:  Good afternoon, Judge.  Michael
9   Sirota, Cole Schotz, P.C., on behalf of Jenny Freidman and *pro*
10  *se*.
11          MR. HOLLANDER:  Good afternoon, Your Honor.  Paul
12  Hollander, Okin Hollander, on behalf of the nonparty trusts.
13          THE COURT:  All right.  I have reviewed the papers
14  here and am prepared to provide an oral ruling, because I know
15  the parties are concerned to have this dealt with
16  expeditiously before you have a hearing, I guess, next week;
17  is that correct?
18          MS. VAN ROY:  Yes.
19          THE COURT:  Okay.  Well, before the Court is a
20  motion filed by the Kelly Funding Trust, the Birkin Funding
21  Trust, the Evelyn Funding Trust, the Lindy Funding Trust, and
22  Evgeny Freidman believed to appeal an April 10th, 2017 order
23  entered by Chief Judge Carla Craig of the United States
24  Bankruptcy Court.  In that order Chief Judge Craig granted
25  Citibank's motion for an order directing Freidman and the

*David R. Roy, RPR  -  Official Court Reporter*

1  trusts to produce all communications between Freidman or any
2  of Freidman's counsel or the trusts or any of the trusts'
3  counsel, and she rejected the argument by Friedman and the
4  trusts that the communications were protected by the
5  attorney/client privilege under the common interest doctrine.
6       It is undisputed that the April 10th order is not a
7  final order, instead an interlocutory order.  Freidman and the
8  trusts never once contended the Court should grant them leave
9  to file an interlocutory appeal under 28 U.S.C. Section
10 158(a)(3).  That provides that, With leave of the Court, the
11 District Court has jurisdiction to hear appeals from
12 interlocutory orders and decree as the bankruptcy judge who
13 served in the same judicial district.  The District Court's
14 jurisdiction over interlocutory appeals is discretionary, and
15 a District Court may grant leave to appeal with three factors
16 that go from the jurisdiction of the Federal Courts of Appeals
17 under 28 U.S.C. 1292(d) are met.
18      Indeed, what has happened is the Courts have viewed
19 this in similar fashion to interlocutory appeals of a District
20 Court to the U.S. Court of Appeals, but I recognize, of
21 course, that it is 28 U.S.C. 1583 that governs.  But those
22 factors have been employed in this context and it is namely
23 whether the order appealed upon involved a question of law is
24 one to which there is a substantial ground for difference of
25 opinion.  (3) is such that an immediate materially advance the

PROCEEDINGS 4

1  ultimate determination of litigation.  The Court declines to
2  grant leave to appeal in this case because the Court does not
3  believe that those factors have been met.
4          First in order from which Freidman and trusts seek
5  to appeal does not involve a controlling question of law.  A
6  question of law is controlling if reversal of District Court
7  order would terminate the action.  And that principle is set
8  forth in a number of cases, but one in particular, *Tocco*
9  *versus Real Time Resolution, 2015 WL 5086390 in the 2d* of
10 March 24, 2015.
11         Here reversing the April 10th order would not
12 terminate the actions because the order really concerns the
13 dispute over the production of documents of Citibank, and the
14 actions of the controlling question of law is sufficient for
15 the Court to deny Appellant's motion for interlocutory appeal
16 because, quote, All three requirements set forth in 1292(b)
17 must be met for the Court to grant leave to appeal.  That
18 principle is in *Thaler versus The Estate of Arbor, 443 B.R.*
19 *271, 275 Eastern District New of York, decision of 2010*.
20         In any event, the Court finds the second factor
21 under Section 1292(b) is not satisfied because there are no
22 substantial grounds for difference of opinion as to the
23 question of law involved in the April 10th order.
24         The Second Circuit has explained that there may be
25 substantial grounds for difference of opinion when the issue

1   in question is difficult in the first impression.  Here,
2   however, Freidman and the trusts do not identify any
3   conflicting authority on the issue on appeal, and that issue
4   has made it particularly difficult for first impression.
5   Freidman and the trusts argued that the bankruptcy decision
6   was incorrect.  But merely claiming -- and I am quoting now --
7   Claiming that the bankruptcy decision was incorrect is
8   insufficient to establish substantial grounds for difference
9   of opinion.  And that principle is in *In Re: Futter Lumber*
10  *Corp., 473 B.R. 20, 29 Eastern District, decision of 2012*.
11           For these reasons, the Court finds that the
12  April 10th order does not constitute the appropriate
13  circumstances for an interlocutory appeal.
14           Turning to a *writ of mandamus* in the alternative,
15  the Court grants the requested leave for the *writ of mandamus*.
16  The Second Circuit has, quote, Rarely used the extraordinary
17  *writ of mandamus* to overturn the discovery order involving a
18  claim of privilege.  That principle is cited in *Chase*
19  *Manhattan Bank versus Turner & Newall, PLC, 964 F.2d 159, 163*
20  *2d Circuit decision of 1992*.
21           To determine whether *writ of mandamus* is appropriate
22  in the context of a discovery ruling, the Court looks
23  primarily for, quote, The presence of the novel and
24  significant question of law and the presence of a legal issue
25  whose resolution will aid in the administration of justice.

1 *In Re: S.E.C., ex rel versus Glotzer, 347 F.3d 184, 187, 2d*
2 *Circuit decision of 2004.*
3 A *writ of mandamus* is appropriate where (1): A
4 petition raises an important issue of first impression, (2):
5 The privilege will be lost if review must await final
6 judgment, and (3): Immediate resolution will avoid the
7 development of discovery practices or doctrine that undermine
8 the privilege, *In Re: County of Erie, 473 F.3rd 413, 416*
9 *through 417, 2d Circuit, 2017*.
10 The Court finds the dispute does present one of the
11 rare circumstances permitting the use of *mandamus*. First, a
12 petition is not raised on an important issue of first
13 impression. Freidman and the trusts merely argued that there
14 was an incorrect application of the well-developed common
15 interest doctrine, but the determination of the common
16 interest doctrine's actual facility in, quote, Each case does
17 not present such a novel and important issue as to warrant
18 *mandamus* review. And that quote is in the case, *In Re:*
19 *W.R. Grace & Company-Conn, (Connecticut), 984 F.2d 587, 589 2d*
20 *Circuit 1993*.
21 The Second Circuit has further explained that, Even
22 if an erroneous application of the common interest doctrine
23 occurs, it does not pose a significant risk of undermining the
24 privilege, so the third factor in the test for *mandamus* review
25 was also not satisfied.

PROCEEDINGS                                                   7

1    For those reasons, the Court finds the discovery
2  disputed issue is not appropriate for *mandamus* review.
3  Because the Court has denied the motion to leave to appeal,
4  the Court dismisses the appeal and I need not reach the issue
5  of stay pendency.
6          Thank you.
7          MR. SIROTA:  Thank you.
8          MR. HOLLANDER:  Thank you, Judge.
9          (Matter concluded.)
10                  --ooOoo--

12  *I (we) certify that the foregoing is a correct transcript*
    *from the record of proceedings in the above-entitled matter.*
13
14       */s/ David R. Roy*              26th Day of May, 2017
          DAVID R. ROY                          Date

*David R. Roy, RPR  -  Official Court Reporter*